# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JERMAINE BROWN,**

    Plaintiff,

vs.

                                                                            **CASE NUMBER: 8:26-cv-335**

**DEPUTY TIMOTHY WALLACE;**
Individually;
**and SHERIFF CHAD**
**CHRONISTER,**
in his official capacity as
Sheriff of Hillsborough County;

    **Defendants.**
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, JERMAINE BROWN ("BROWN"), and sues the Defendants, DEPUTY TIMOTHY WALLACE ("DEPUTY"), individually, and SHERIFF CHAD CHRONISTER ("SHERIFF"), in his official capacity as Sheriff of Hillsborough County, and alleges:

## GENERAL ALLEGATIONS

1. This action arises under the Constitution and laws of the United States, particularly 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The damages sought in this action exceed $75,000, exclusive of interest, costs, and attorney's fees.

4. The § 768.28 Notice of Claim was sent certified mail on June 14, 2024, to SHERIFF and Florida Department of Financial Services. A Supplemental Notice of Claim was sent on January 21, 2026. All conditions precedent to filing this suit have been satisfied, performed, waived, or otherwise satisfied.

5. Venue is proper in the Middle District of Florida because the wrongful arrest of Plaintiff, BROWN, occurred in Hillsborough County, Florida.

## PARTIES

6. At all times material, Plaintiff, BROWN, is *sui juris* and was a resident of Hillsborough County, Florida.

7. Defendant, DEPUTY, upon information and belief, is a resident of Hillsborough County, Florida, and is *sui juris*. At all times material, DEPUTY was acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Hillsborough County Sheriff's Department. Defendant, DEPUTY, is sued in his individual capacity.

8. Defendant, SHERIFF, is the Sheriff of Hillsborough County and the constitutional officer to be sued for wrongful acts of sheriff's deputies. The

Hillsborough County Sheriff's Department is the local government entity that employed DEPUTY and was his employer when the arrest of BROWN occurred. Defendant, SHERIFF, is sued in his official capacity only.

## FACTS

9. On or about February 25, 2023, at or around 22:47 hours, Deputy Wallace conducted a traffic stop of Mr. Brown for an alleged tint violation in his unmarked patrol vehicle.

10. Mr. Brown slowly and appropriately pulled into a lit parking lot and came to a stop.

11. Deputy Wallace yelled for Mr. Brown to put both hands outside of the window. Mr. Brown immediately complied with that command.



12. Deputy Wallace then asked Mr. Brown for his driver's license, to which Mr. Brown responded it was in his pocket, which he could not get to with his hands outside of the window.

13. Deputy Wallace asked Mr. Brown to get out of the car once. Mr. Brown immediately complied, got out of the car, and placed his hands on the outside of the car.

14. Mr. Brown followed all commands and never resisted any commands of the Deputy.

15. Mr. Brown was subsequently arrested and charged with Resisting an Officer Without Violence.

16. As a result of the unlawful arrest, Mr. Brown spent 2 days in the Hillsborough County Jail.

17. The State filed a Notice of Nolle Prosequi on September 29, 2023.

## COUNT I – SECTION 1983 FALSE ARREST CLAIM AGAINST DEPUTY

18. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-17 above, and further alleges:

19. Plaintiff was unlawfully seized by Defendant, DEPUTY, through the intentional confinement of Plaintiff when Defendant placed him in handcuffs, in the back of his patrol car, and transported him to the Hillsborough County Jail.

20. The warrantless arrest of Plaintiff without arguable probable cause violated Plaintiff's Fourth Amendment rights.

21. The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

22. A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

23. The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of liberty, loss of capacity for the enjoyment of life, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## STATE LAW CLAIMS
## COUNT II– STATE LAW FALSE ARREST AGAINST DEPUTY
## (BAD FAITH, WILLFUL AND WANTON)

24. The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 17.

25. At all times relevant herein, Defendant, DEPUTY, acted with the intention of confining the Plaintiff within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.

26. The body camera footage directly contradicts Deputy Wallace's report. Contrary to the Deputy's claim that Mr. Brown refused to exit his vehicle after receiving multiple lawful commands, the video shows Mr. Brown complied immediately. Additionally, although the report alleges Mr. Brown tensed and braced as Deputy Wallace attempted to handcuff him, the footage clearly shows Mr. Brown offered no resistance and fully cooperated throughout the encounter.

27. Defendant, DEPUTY, acted in bad faith and with malicious purpose as the Plaintiff had committed no illegal acts.

28. The Defendant, DEPUTY's, actions were unreasonable and unwarranted under the circumstances.

29. As a further direct and proximate result of the acts, omissions, and conduct of the Defendant, DEPUTY, the Plaintiff suffered from mental anguish, loss of capacity for the enjoyment of life, lost wages, loss of liberty, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## COUNT III
## FALSE ARREST – DEFENDANT, SHERIFF
## (COURSE AND SCOPE OF EMPLOYMENT)

30. The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 17.

31. Defendant, DEPUTY's, actions in holding Plaintiff against his will,

without probable cause, without process or authority of law, constitutes wrongful, unlawful false imprisonment, which is actionable against Defendant, SHERIFF.

32. The Defendant, DEPUTY, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

33. Alternatively, to Count II, the actions of Defendant, DEPUTY, were performed in the course and scope of his employment with the Hillsborough County Sheriff's Office and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

34. As a direct and proximate result of the acts of Defendant, DEPUTY, Plaintiff was detained, confined in a police cruiser, brought to jail, booked and incarcerated all resulting in his being forced to suffer mental anguish, loss of liberty, loss of capacity for the enjoyment of life, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

35. Defendant, DEPUTY's, conduct is actionable against Defendant, SHERIFF pursuant to § 768.28, Fla. Stat. (2016).

## DAMAGES

36. Plaintiff incorporates each and every previous allegation set forth in the general allegations as if fully set forth herein.

37. As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiff's constitutional rights were violated, and he suffered injuries and damages. Plaintiff seeks recovery from the Defendant of all damages to which he may be entitled under federal law and state law for the injuries and damages Plaintiff sustained and which include, but are not limited to, the following:

    a. Emotional Pain and Suffering of a past, present and future nature;

    b. Mental Pain and Suffering of a past, present and future nature;

    c. Loss of Liberty;

    d. Loss of Enjoyment of Life of a past, present and future nature;

    e. Lost Wages;

    f. Damage to Reputation

    g. Punitive damages for Counts I and II;

    h. Pre and Post-Judgment Interest for all 42 UCS § 1983 claims;

    i. Statutory and Discretionary Costs;

    j. Attorney's fees where permitted by 42 USC § 1988 or other statutes;

    k. All such further relief, both general and specific, to which he may be entitled under the premises.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by Jury on all counts and issues triable by jury as a matter of right.

**RESPECTFULLY SUBMITTED** this 4th day of February 2026.

                                            **MICHAEL P. MADDUX, P.A.**

                                            *s/Michael P. Maddux*
                                            Michael P. Maddux, Esquire
                                            Florida Bar Number: 964212
                                            Lead Trial Counsel for Plaintiff
                                            Jennifer M. Szymczak, Esquire
                                            Florida Bar Number: 85487
                                            Co-Counsel for Plaintiff
                                            2102 West Cleveland Street
                                            Tampa, Florida 33606
                                            Telephone: (813) 253-3363
                                            Facsimile: (813) 253-2553
                                            E-Mail:
                                            mmaddux@madduxattorneys.com
                                            jszymczak@madduxattorneys.com
                                            ctonski@madduxattorneys.com